IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID PEARCE,

                   ORDER

      Petitioner,

                   13-cv-599-bbc

  v.

WARDEN WERLINGER,

      Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   Petitioner David Pearce, a federal inmate housed at the Federal Correctional Institution in Oxford, Wisconsin, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and has paid the required filing fee. The petition is somewhat difficult to follow, but the picture becomes clearer after consulting the record of petitioner's criminal proceedings, <u>United States v. Pearce</u>, Case No. 06-cr-50031 (N.D. Ill.). Petitioner pleaded guilty to possessing a firearm as a felon and was sentenced on April 27, 2007 to 180 months of imprisonment after he was found to be an armed career criminal under 18 U.S.C. § 924(e)(1). In 2009, petitioner filed a post conviction motion under 28 U.S.C. § 2255 that was denied.

   The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. (This rule also may be applied to habeas petitions not brought under § 2254, such as this petition pursuant to § 2241. Rule 1(b), Rules Governing § 2254

Cases; see also 28 U.S.C. § 2243 (habeas court must award the writ or order respondent to show cause why the writ should not be granted, unless the application makes it clear petitioner is not entitled to relief)). Under Rule 4, I must dismiss the petition if it plainly appears from the petition that petitioner is not entitled to relief; otherwise, I will order respondent to file an answer.

I understand petitioner to be raising four arguments: (1) his due process rights were violated when the district and appellate courts ignored constitutional violations he attempted to raise; (2) he received ineffective assistance from his trial and appellate counsel; (3) his prior burglary convictions relied on by the court for its finding that he qualified as an armed career criminal were not violent felonies under the law at the time he was sentenced; and (4) when applied retroactively to his case, Descamps v. United States, 133 S. Ct. 2276 (2013), makes clear that his burglary offenses should not have counted as violent offenses.

Petitioner brings this action under 28 U.S.C. § 2241, which allows a court to grant a writ of habeas corpus for a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Ordinarily, a federal prisoner seeking to attack his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255. Unthank v. Jett, 549 F.3d 534, 534-35 (7th Cir. 2008); Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003) (per curiam). A prisoner in petitioner's situation who has filed one § 2255 motion may pursue relief under § 2241 only if he can satisfy the mandates of § 2255's so-called "savings clause," which provides that a prisoner can use § 2241 if he can show that "the remedy by motion [under § 2255] is inadequate or

2

ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Kramer, 347 F.3d at 217; Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002). To demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention, a prisoner must show three things: that he is seeking correction of a fundamental defect in his conviction or sentence; his petition is based on a rule of law not yet established at the time he filed his first § 2255 motion; and that he is barred from bringing a successive § 2255 motion. United States v. Prevatte, 300 F.3d 792, 799-800 (7th Cir. 2002); In re Davenport, 147 F.3d 605, 610-11 (7th Cir. 1998).

Regarding his first three claims, petitioner cannot show that § 2255 was inadequate or ineffective to challenge the legality of his detention. These claims are not based on a legal theory or rule of law that was not yet established at the time he filed his § 2255 motion or that he could not have raised in his § 2255 motion. He was not prevented from making these arguments in his initial § 2255 motion, and indeed, it appears that he made arguments at that time about ineffective assistance of counsel and the court's finding that his burglary convictions qualified as violent offenses. Thus, he may not proceed on these claims.

Petitioner's remaining claim is that Descamps should apply retroactively to his Armed Career Criminal Act offenses. Descamps held that courts may not use the "modified categorical approach," under which a court may look beyond the statutory elements to "the charging paper and jury instructions used in a case," for determining whether a prior conviction constitutes a violent felony when the criminal statute violated describes a generic offense rather than a nongeneric statute describing multiple, alternate versions of the crime.

3

133 S. Ct. at 2283-86 (quotation omitted).  The problem for petitioner is that his Armed Career Criminal Act offenses, two burglary convictions under 720 Ill. Comp. Stat.. 5/19-1(a) in Bureau County, Illinois case no. 97-CF-34 and Putnam County, Illinois case no. 98-CF-2, are convictions under a nongeneric burglary statute.  720 Ill. Comp. Stat. 5/19-1(a) ("A person commits burglary when without authority he or she knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle, railroad car, or any part thereof, with intent to commit therein a felony or theft."); United States v. Thornton, 463 F.3d 693, 701 (7th Cir. 2006) (Illinois burglary statute is nongeneric in "that it criminalizes unlawful entry into structures other than buildings, such as cars, railroad cars, and boats").  Thus, even if Descamps did apply retroactively, it would not affect the application of the Armed Career Criminal Act to petitioner's convictions.  Even after Descamps, the "modified categorical approach" may be used in examining convictions such as petitioner's.  Because petitioner is not entitled to relief on any of his claims, I will dismiss his petition.


ORDER

IT IS ORDERED that petitioner David Pearce's petition for a writ of habeas corpus

4

under 28 U.S.C. § 2241 is DISMISSED.

Entered this 8th day of January, 2014.

                                                  BY THE COURT:
                                                  /s/
                                                  BARBARA B. CRABB
                                                  District Judge